## *United States District Court*

FILED by DEC 11 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

ROCHNEY TELFORT

(Name and Address of Defendant)

### CRIMINAL COMPLAINT

CASE NUMBER: 00-4291-LRJ

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 7, 2000, in Broward county, in the

___ Southern ___ District of ___ Florida ___ defendant(s) did, (Track Statutory Language of Offense)

import a Schedule II controlled substance, that is, cocaine, into the United States from a place outside thereof, and did possess with intent to distribute a Schedule II controlled substance, that is, cocaine,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 952__

I further state that I am a(n) ___Special Agent___ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

_____
Signature of Complainant
Jeffrey Outlaw, Special Agent
United States Customs Service

Sworn to before me, and subscribed in my presence,

December 9, 2000                                at   Stuart, Florida
Date                                                 City and State

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## AFFIDAVIT

I, Jeffrey S. Outlaw, being duly sworn, do hereby depose and state the following:

1.    I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November 1992. Formerly, I was employed as a Special Agent of the U.S. Air Force Office of Special Investigations for four years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2.    On December 7, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale/Hollywood International Airport from Kingston, Jamaica onboard Air Jamaica Flight #89. One of the passengers inspected was ROCHNEY TELFORT. TELFORT was referred for a secondary Customs inspection where he was interviewed more extensively. During the secondary inspection, TELFORT gave inconsistent statements as to where he was going to be staying in the United States and who was picking him up at the airport.

3. TELFORT gave written consent for an X-ray of his abdominal area and was transported to Broward General Hospital in Fort Lauderdale, Florida, for an X-ray and physical examination, where foreign bodies were detected in his intestinal tract. TELFORT had monitored bowel movements on December 8, 2000, where he expelled 79 latex covered pellets. Each pellet contained a white powdery substance. A representative sample of the white powdery substance field tested positive for the presence of cocaine. The 79 latex covered pellets had a combined gross weight of 2.3 pounds.

4. Your affiant submits that based on the facts there exists probable cause to believe that ROCHNEY TELFORT had in his possession and did knowingly import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a

mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

JEFFREY S. OUTLAW, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
9th day of December, 2000.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE