UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6352-CR-ZLOCH

UNITED STATES OF AMERICA,
Plaintiff,

vs.

ROCHNEY TELFORT,
Defendant.
_____/

## DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT

The Defendant, ROCHNEY TELFORT, through undersigned counsel, files his objection to the Pre-sentence Investigation Report (PSI) and respectfully moves for a downward departure from the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### Role Adjustment

Mr. Telfort objects to the Probation Officer's failure to recommend a role reduction pursuant to USSG § 3B1.2(b), which states: "If the defendant was a minor participant in any criminal activity, decrease by two levels." The accompanying commentary to USSG § 3B1.2(b) states: "For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." To clarify the intent of this section, the United States Sentencing Commission has proposed an amendment to § 3B1.2, pursuant to 28 U.S.C. section 994 (a), (o), and (p), to, *inter alia*, delete language suggesting that a minimal



role adjustment is intended to be used infrequently.[1] Moreover, the amendment provides that a defendant in a drug trafficking offense, whose role was limited to transporting or storing drugs, and who was accountable only for the drugs the defendant personally transported or stored, is not precluded from receiving a mitigating role adjustment, be it minor or minimal, even in a single defendant case. See 65 F.R. 66792, 66798 (Nov. 7, 2000), attached hereto as Exhibit 1. Here, Mr. Telfort's role was limited to transporting drugs and he is being held accountable for the drugs that he personally transported. Accordingly, Mr. Telfort respectfully submits that he is eligible to a 2 level minor role reduction.

In this case, Mr. Telfort had been recruited to smuggle cocaine by a person known to him as "Q". In his acceptance of responsibility statement, Mr. Telfort describes a well organized drug smuggling operation involving several individuals. See PSI ¶ 12. "Q" arranged Mr. Telfort's trip to Jamaica and was the person responsible for the distribution of the cocaine after Mr. Telfort brought the cocaine into the United States. In Jamaica, Mr. Telfort received the cocaine from an unknown supplier. Mr. Telfort was not responsible for paying the supplier. Apparently, "Q" and the supplier had some unknown arrangement concerning payment for the cocaine. Mr. Telfort was to be paid only three thousand dollars for his role in the offense.

---

[1] Amendments proposed by the Sentencing Commission "shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the ... amendment is submitted, except to the extent that the effective date is revised or the amendment is othiswise modified or disapproved by Act of Congress." *See* 28 U.S.C. § 994 (p). Very rarely has Congress disapproved a proposed amendment. So long as it is not disapproved, the instant amendment will take effect on November 1, 2001.

2

Mr. Telfort's status as a courier does not presumptively preclude him from being considered as a minor participant. *See United States v. De Varon*, 175 F.3d 930, 943 (11th Cir.1999). In determining whether a drug courier is entitled to a role reduction, the district court should consider the following: the amount of drugs, the fair market value of the drugs, the defendant's equity interest in the drugs, the defendant's role in planning the criminal scheme, and role in the distribution. See Id. at 945.

In this case, Mr. Telfort was recruited as a drug courier for a single smuggling transaction. Mr. Telfort did not participate in the planning of the smuggling transaction. Mr. Telfort was not the supplier of the cocaine and did not participate in the packaging of the cocaine. Mr. Telfort was to have no role in the distribution of the cocaine after he delivered the cocaine to "Q". Accordingly, Mr. Telfort is less culpable than "Q" and the supplier. Therefore, Mr. Telfort is entitled to at least a two level reduction pursuant to USSG § 3B1.2(b)

## Conclusion

Mr. Telfort respectfully requests that this court sustain his objection to the Pre-sentence Investigation Report and impose a sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 27 day of March, 2001 to Assistant United States Attorney Robert N. Nicholson, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301; Tracy L. Webb, United States Probation Officer, 299 E. Broward Boulevard, United States Courthouse, Room 409, Fort Lauderdale, Florida 33301.

Daryl E. Wilcox

S:\WILCOX\Telfort\OBJ-PSI.wpd

65 FR 66792-01
**(Cite as: 65 FR 66792, \*66798)**

appropriate proof) with United States v. Isienyi, 207 F.3d 390 (7th Cir. 2000) (defendant pleaded guilty to one count of importing a specified quantity of heroin; held defendant ineligible for a mitigating role adjustment when his offense level consisted only of amounts he personally handled).

The proposed amendment adopts the view that such a defendant, in a single defendant case, is not precluded from receiving a mitigating role adjustment.

In addition to resolving the circuit conflict, the proposed amendment (A) incorporates commentary from the Introduction to Chapter Three, Part B (Role in the Offense) that there must be more than one participant before application of a mitigating role adjustment may be considered; (B) incorporates the definition of "participant" found in the aggravating role guideline; (C) amends commentary to indicate that the mitigating role adjustment ordinarily is not warranted if the defendant receives a lower offense level than warranted by the actual criminal conduct because, for example, the defendant was convicted of a less serious offense or otherwise was held accountable under a plea for a lesser quantity of drugs than warranted by the defendant's actual conduct; (D) deletes commentary language that the minimal role adjustment is intended to be used infrequently; and (E) makes technical amendments to the guideline (such as the addition of headings for, and the reordering of, application notes in the commentary) that are intended to have no substantive impact on the guideline.

Proposed Amendment

The Commentary to § 3B1.2 captioned "Application Notes" is amended in Note 1 by inserting "Minimal Participant.--" before "Subsection (a)"; and by inserting "described in Application Note 3(A)" before "who plays".

The Commentary to § 3B1.2 captioned "Application Notes" is amended in Note 3 by striking "For purposes of § 3B1.2(b), a minor participant means any participant" and inserting "Minor Participant.--Subsection (b) applies to a defendant described in Application Note 3(A)".

The Commentary to § 3B1.2 is amended by striking Notes 2 and 4 in their entirety; by redesignating Notes 1 and 3 as Notes 4 and 5, respectively; and by inserting before redesignated Note 4 (formerly Note 1) the following:

"1. Definition.--For purposes of this guideline, 'participant' has the meaning given that term in Application Note 1 of § 3B1.1 (Aggravating Role).

2. Requirement of Multiple Participants.--This guideline is not applicable unless more than one participant was involved in the offense. See the Introductory Commentary to this Part (Role in the Offense). Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment.

3. Applicability of Adjustment.--

(A) Substantially Less Culpable than Average Participant.--This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

**EXHIBIT 1**

65 FR 66792-01
(Cite as: 65 FR 66792, *66798)

However, a reduction for a mitigating role under this section ordinarily is not warranted in the case of a defendant who has received an offense level lower than the offense level warranted by the defendant's actual criminal conduct (because, for example, the defendant was convicted of a less serious offense or was held accountable for a quantity of drugs less than what the defendant otherwise would have been accountable under 1.3 (Relevant Conduct)). In such a case, the defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense. For example, if a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine (an offense having a Chapter Two offense level of level 14 under § 2D1.1) is convicted of simple possession of cocaine (an offense having a Chapter Two offense level of level 6 under § 2D2.1), no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine.

(B) Fact-Based Determination.--The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.

(C) Applicability to Certain Defendants.--A defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who, based on the defendant's criminal conduct, is accountable under 1.3 (Relevant Conduct) only for the quantity of drugs the defendant personally transported or stored is not precluded from receiving an adjustment under this guideline.".

The Commentary to § 3B1.2 is amended by striking the background in its entirety.

Issues for Comment: The Commission invites comment on the following:

(1) With respect to a defendant whose role in a drug offense is limited to transporting or storing drugs, should the Commission, as an alternative to the proposed amendment, preclude such a defendant from receiving any mitigating role adjustment under § 3B1.2? Alternatively, should the Commission provide that such a defendant may qualify only for a minor role adjustment, but not a minimal role adjustment?

(2) Should the example in proposed Application Note 3(C) (i.e., that a defendant whose role in a drug trafficking offense is limited to transporting or storing drugs and who is accountable under 1.3 (Relevant Conduct) only for the quantity of drugs the defendant personally transported or stored is not precluded from receiving a mitigating role adjustment) be broadened to make clear that the rule is intended to cover defendants convicted of offenses other than drug trafficking offenses who have a similarly limited role in the offense? Specifically, should the example be expanded to make clear that the rule is intended to apply to a defendant who has a similarly limited role in any offense and who is accountable under 1.3 only for that *66799 portion of the offense for which the defendant was personally involved?

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works